**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| MOC DISTRIBUTING, INC., <br> d/b/a MITCHELL OIL COMPANY, <br> <br> Petitioner, <br> <br> v. <br> <br> INTERNATIONAL FIDELITY <br> INSURANCE COMPANY and <br> STATE OF OKLAHOMA *ex rel.* <br> OKLAHOMA TAX COMMISSION, <br> <br> Defendants/ <br> Third-Party Plaintiff, <br> <br> v. <br> <br> MITCHELL OIL CONSTRUCTION <br> CO., CONWAY MASSEY, and <br> KATHY MASSEY, <br> <br> Third-Party Defendants. | Case No. 07-CV-046-JHP |

## ORDER AND OPINION

Before the Court is the Motion to Remand (Docket No. 16) filed by the State of Oklahoma *ex rel.* Oklahoma Tax Commission ("OTC"), the response (Docket No. 21) filed by International Fidelity Insurance Company ("IFIC"), and OTC's reply (Docket No. 22). OTC requests that this Court issue an order remanding this case to the District Court in and for Adair County for lack of subject matter jurisdiction. For the reasons stated below, OTC's motion is GRANTED.

### Background

On August 5, 2003, Mitchell Oil Construction Company (MOCC) and IFIC, a bonding company, executed a motor fuel tax bond in the amount of $100,000 for the benefit of OTC. On

September 8, 2003, IFIC mailed to OTC and MOCC a surety bond rider, which stated that IFIC was changing the principal name on the surety bond from "Mitchell Oil Construction Co." to "MOC Distributing, Inc. d/b/a Mitchell Oil Company."  (IFIC's Notice of Removal Ex. 2 at 7.) Subsequently, OTC made a claim against the bond to recover unpaid motor fuel taxes, penalties, and interest.  IFIC, in turn, sent a letter to MOC on September 29, 2006, stating that it would be required to pay OTC's claim unless it received a court order enjoining such payment before October 10, 2006.  (*Id*. at 8-9.)

Asserting that it had not authorized the rider making it the principal party on the surety bond and fearing that IFIC would pay OTC's claim and seek reimbursement, MOC first filed an action seeking a temporary restraining order enjoining IFIC from paying OTC's claim in the Circuit Court of Washington County, Arkansas, which ultimately dismissed the action after finding that OTC was a necessary party.  Accordingly, MOC filed a similar action in the District Court in and for Adair County, Oklahoma, again seeking a temporary restraining order enjoining IFIC from paying OTC's claim and asserting that it has received no evidence that it is responsible for the liability of MOCC, which it alleges is a separate legal entity.

On January 16, 2007, the state court issued the requested temporary restraining order and set a hearing for February 14, 2007.  Thereafter, OTC filed a motion requesting that the state court dissolve the temporary restraining order and asserting that Adair County was an improper venue for MOC's action.  On February 12, 2007, only two days prior to the hearing scheduled before the state court, IFIC filed its Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1446.

In response, on March 5, 2007, OTC filed its Motion to Remand, asserting that this Court lacks subject matter jurisdiction over this action.  Specifically, OTC alleges that (1) the presence of OTC as a party to the action prohibits the Court from exercising original jurisdiction on the

basis of diversity of citizenship, (2) the State of Oklahoma has immunity from suit under the Eleventh Amendment to the U.S. Constitution, (3) the Tax Injunction Act precludes federal jurisdiction over this action, and (4) federal courts may not consider challenges to state tax assessments.

## Discussion

"Except as otherwise expressly provided...any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant...to the district court of the United States...embracing the place where such action is pending." 28 U.S.C. § 1441(a). In its Notice of Removal, IFIC asserts that this Court possesses original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1), which provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states." Because the state court petition seeks to enjoin IFIC from paying OTC $90,000 in satisfaction of unpaid motor fuel taxes, the amount in controversy clearly exceeds $75,000. Moreover, from the Notice of Removal, it appears that MOC is a corporation organized under the laws of and with its principal place of business in Arkansas, IFIC is a corporation organized under the laws of and with its principal place of business in New Jersey, and OTC "is the taxing entity of the State of Oklahoma." (IFIC's Notice of Removal ¶ 2). Thus, according to IFIC, "MOC and the defendants are citizens of different states as defined in 28 U.S.C. § 1332[(a)](1)" (*id.*) and "[t]his Court would have original jurisdiction of this action under the provisions of 28 U.S.C. § 1332." (*Id.* at ¶ 4.).

In spite of IFIC's assertions, however, the Court notes that "[i]n an action where a state is a party, there can be no federal jurisdiction on the basis of diversity of citizenship because a state

is not a citizen for purposes of diversity jurisdiction." *Texas Dept. of Housing and Community Affairs v. Verex Assur., Inc.*, 68 F.3d 922, 926 (5th Cir. 1995); *see also Postal Telegraph Cable Co. v. State of Alabama*, 155 U.S. 482, 487 (1894) ("A state is not a citizen. And under the judiciary acts of the United States it is well settled that a suit between a state and a citizen or a corporation of another state is not between citizens of different states, and that the circuit court of the United States has no jurisdiction of it, unless it arises under the constitution, laws, or treaties of the United States."); *State of Okla. ex rel. Williams v. Oklahoma Natural Gas Corp.*, 83 F.2d 986, 988 (10th Cir. 1936) ("In order to authorize removal on the ground of diverse citizenship alone, all parties on one side, except mere nominal parties, must be citizens of a different state from all parties on the other side. And a state is not a citizen for the purpose of constituting the requisite diversity.") (internal citations omitted). Moreover, "state agencies that are the alter ego of the state are not citizens for the purposes of diversity jurisdiction." *Texas Dept. of Housing and Community Affairs*, 68 F.3d at 926; *see also State Ins. Fund v. Ace Transp. Inc.*, 195 F.3d 561, 563 n.2 (10th Cir. 1999) ("A state, or the arm or alter ego of a state...does not constitute a 'citizen' for diversity purposes.").

In arguing that the Court lacks subject matter jurisdiction, OTC asserts that it "is an arm or alter ego of the State of Oklahoma." (OTC's Mot. at 2.) The Court notes that IFIC does not challenge OTC's characterization of itself as an arm of the state. Indeed, "ordinarily, actions by a state official or agency to collect a tax due the state is an action in which the state is the real and only beneficial party in interest, and, therefore, such action is not maintainable in Federal court on the ground of diversity of citizenship." H.A. Wood, Annotation, *Diversity of Citizenship for Purposes of Jurisdiction of Federal Court, Where the Action is By or Against a State, or Subdivision or Officer Thereof*, 147 A.L.R. 786. Thus, OTC concludes that because it

"is not a citizen for diversity purposes, jurisdiction cannot be maintained in the federal courts." (OTC's Mot. at 2.)

In nevertheless arguing for the existence of subject matter jurisdiction, IFIC asserts that "[w]hile [the] OTC might not be considered a 'citizen' for the purposes of diversity jurisdiction, diversity jurisdiction still exists when the citizenship of all other parties is examined." (IFIC's Resp. at 4.) According to IFIC, "removing OTC from the equation does not destroy diversity, since there is another party, namely, IFIC, remaining in the case as a defendant" (IFIC's Resp. at 4) and IFIC is diverse from all other parties to the action. In essence, IFIC argues that a state may simply be ignored when determining whether diversity jurisdiction exists, with the Court considering only the remaining parties.

In spite of IFIC's unsupported contention, however, the clear and unambiguous language of the removal statute requires that the action be between "*citizens* of different States." 28 U.S.C. § 1332(a)(1) (emphasis added). IFIC fails to explain why the requirement that all parties be "citizens" is somehow less important than the requirement that parties be "of different States." Nor does IFIC distinguish this case from those cases holding that actions by or against a state or an arm or alter ego thereof cannot be removed to federal court. Instead, the Court concludes that OTC is an arm or alter ego of the State of Oklahoma whose presence in this action precludes the existence of original jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). As IFIC does not assert that any other independent basis for federal subject matter jurisdiction over this action exists, the Court concludes that it lacks subject jurisdiction over this action and must remand the action pursuant to 28 U.S.C. § 1447(c).

## Conclusion

For the reasons set forth above, the Motion to Remand (Docket No. 16) filed by the State

of Oklahoma *ex rel*. Oklahoma Tax Commission is hereby GRANTED. The Court hereby orders the Court Clerk to remand this case to the District Court in and for Adair County.

IT IS SO ORDERED this 5th day of June 2007.

James H. Payne
United States District Judge
Eastern District of Oklahoma